IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission,<br><br>              Plaintiff,<br>vs.<br><br>Blue Saguaro Marketing LLC, et al.,<br><br>              Defendants. | No. CV-16-03406-PHX-SPL<br><br>**ORDER** |

       On October 7, 2016, the Federal Trade Commission (the "Plaintiff") filed a Complaint for Permanent Injunction and Other Equitable Relief (the "Complaint") against Blue Saguaro Marketing LLC, Marketing Ways.com LLC, Max Results Marketing LLC, and Oro Canyon Marketing II LLC (collectively, the "Defendants"), among other parties. (Doc. 13)  The Defendants were served on October 17, 2016. (Doc. 25, 27, 28, 32)  The Defendants did not respond to the Complaint, and the Defendants have not appeared in this action.  On November 23, 2016, the Plaintiff filed an Application for Entry of Default as to the Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. 80) On November 28, 2016, the Clerk of Court entered default against the Defendants. (Doc. 82)

       On September 12, 2017, the Plaintiff filed its Motion for Default Judgment against the Defendants pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. (Doc. 117) No response has been filed. Having reviewed Plaintiff's application, the exhibits thereto, the record in this matter, and considered the factors under *Eitel v. McCool*, 782

F.2d 1470, 1471–72 (9th Cir. 1986) as a whole, the Court concludes that the entry of default judgment against the Defendants is appropriate. Accordingly,

**IT IS ORDERED:**

1. That Plaintiff's Motion for Default Judgment (Doc. 117) is granted;

2. That default judgment is entered pursuant to Rule 55(b) of the Federal Rules of Civil Procedure in favor of Plaintiff Federal Trade Commission against Defendants Blue Saguaro Marketing LLC, Marketing Ways.com LLC, Max Results Marketing LLC, and Oro Canyon Marketing II LLC in the total amount of $11,898,555.89;

3. That the Defendants are jointly and severally liable for the total amount of the monetary judgment;

4. That the Defendants are permanently enjoined from engaging in telemarketing or assisting others to engage in telemarketing, whether directly or through an intermediary;

5. That the Defendants are permanently enjoined from advertising, marketing, promoting, offering for sale, selling, or assisting in any such activities related to any commercial agreement in which a seller solicits a purchaser to enter into a new business, business opportunities, the sale of any product or service, including a plan or program that is represented to assist a consumer in obtaining a grant or similar financial assistance from the government or any other source, or any related products or services;

6. That the asset freeze set forth in the Court's Preliminary Injunction Order (Doc. 59) shall be dissolved 120 days after entry of this Order;

7. That Robb Evans & Associates LLC, the Receiver appointed by the Court's Preliminary Injunction Order (Doc. 59), must complete all duties within 120 days after entry of this Order, but any party or the Receiver may request that the Court extend the Receiver's term for good cause; and

///

///

8. That the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 12th day of July, 2018.

Honorable Steven P. Logan
United States District Judge

